■ ABE GABBAY, Respondent, v MILTON ACKERMAN et al., Appellants.— In an action to recover moneys due on an oral contract of employment, defendants appeal from a judgment of the Supreme Court, Nassau County, entered June 16, 1977, which is in favor of plaintiff, upon a jury verdict. Judgment reversed, on the facts, and new trial granted, with costs to abide the event. Plaintiff sought to prove that an oral agreement was reached with defendants whereby plaintiff would set up an account with Shields and Company in defendants' names and control the purchase and sale of shares of stock. Defendants allegedly agreed to keep the account capitalized and pay plaintiff 50% of the profits realized on stock transactions over the years 1967-1969. In our view, the verdict for plaintiff was against the weight of the credible evidence. First, the lack of any reliable documentary proof that certain shares of stock were bought and sold at plaintiff's behest undermines plaintiff's claim. No contemporaneous record of purchases and sales was produced at the trial. Plaintiff placed total reliance on a list of stock transactions which he compiled from the records of Shields and Company several months before his examination before trial in this case. This list contains numerous mathematical errors. Moreover, it leaves the unbelievable impression that virtually all of the stock transactions resulted in profits. Subsequent testimony revealed that defendants suffered numerous losses on stock transactions during 1967-1969. Conveniently, these transactions do not appear on plaintiff's list. Second, the plaintiff's proof inadequately explained why a businessman of defendant Milton Ackerman's stature would pay for stock market tips at such a dear price. Plaintiff was not himself a broker and his claim strains credulity insofar as it implies that his tips were worth a commission of 50%. Third, plaintiff did not mention this claim as an asset in legal papers submitted as a part of his petition in bankruptcy. It only appeared in an amended petition filed at trial counsel's instigation. Nor did plaintiff note the claim in two statements of net worth supplied to the Royal National Bank in an effort to procure a loan. Fourth, prior to the commencement of this alleged employment, plaintiff borrowed some $27,000 from defendants. Promissory notes given to defendants were still outstanding at the time of the trial. At an examination before trial in this action, plaintiff stated that he intended to apply the profits realized on the sale of stocks as an offset against this debt. This intention to use the claim as an offset against the prior debt, like the circumstances afore-mentioned, raises doubts as to the validity of and the motivation behind plaintiff's claim itself. Finally, the more consistent and credible testimony of the broker at Shields and Company (Selig Ratchick) and defendant Milton Ackerman showed that the latter was entirely in control of his account at Shields and Company. Plaintiff, an acquaintance of Ratchik and Ackerman, did pass along to them stock tips he had received, but these were not orders to buy or sell for which compensation was to be paid. For these reasons, the judgment is reversed and a new trial granted. Martuscello, J. P., Titone, Rabin and Hawkins, JJ., concur.